This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.

**IT IS SO ORDERED.**



_Beth A. Buchanan_
Beth A. Buchanan
United States Bankruptcy Judge

**Dated: October 31, 2018**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IN RE:<br>   Thomas Alvin McCullough<br>   Cynthia Sue McCullough<br><br>                              Debtors | CASE NO: 18-30283<br>(Chapter 13)<br><br>JUDGE BETH A. BUCHANAN |

**ORDER CONFIRMING CHAPTER 13 PLAN
AND AWARDING ATTORNEY FEES**

This matter is before the Court on the Chapter 13 Plan submitted by the Debtors and any amendments ("Plan"). Having reviewed the Plan, and noting that any objections have been withdrawn, resolved or overruled, the Court finds that the Plan satisfies the requirements of 11 U.S.C. § 1325. The Plan is **CONFIRMED**, subject to the following:

1. Any stipulations or other orders entered in this case relating to the Plan are incorporated into this Order.

2. The Debtors shall make monthly payments to the Trustee until the Plan is completed, for a period not to exceed sixty (60) months. The monthly payments shall be by payroll deduction, unless otherwise ordered by the Court or agreed to by the Trustee. Payments shall be sent to **JEFFREY M KELLNER, CHAPTER 13 TRUSTEE, 1722 SOLUTIONS CENTER, CHICAGO, IL 60677-1007**

3. All property acquired by the Debtors after the commencement of the case and before the case is closed is within the jurisdiction of the Court.

4.  Except as provided by Local Bankruptcy Rule 6004-1(c)(3), the Debtors shall not sell, dispose of or transfer any property without the written approval of the Trustee or order of the Court. *See* Local Bankruptcy Rule 6005-1(c) and (d).

5.  The Debtors shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtors' address, employment, marital status, or child or spousal support payments.

6.  The Debtors shall keep the Trustee informed as to any claim for or expected receipt of money or property regarding personal injury, workers compensation, social security, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtors may be entitled to or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtors shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules.

7. The Debtors shall not incur any non-emergency consumer debt, including the refinancing of real property debt or purchases on credit in excess of $1000, without the written approval of the Trustee or order of the Court. *See* Local Bankruptcy Rule 4001-3(b).

8. The stay under 11 U.S.C. § 362(a) and, if applicable, 11 U.S.C. § 1301(a) is terminated as to any surrendered property listed in Paragraph 6 of the Plan.

9**.  THE VIOLATION BY THE DEBTORS OF ANY PROVISIONS OF THIS ORDER OR THE PLAN MAY RESULT IN DISMISSAL OF THE CASE OR DENIAL OF DISCHARGE AND OTHER SANCTIONS.**

10.  Unless otherwise ordered by the Court, the attorney for the Debtors is allowed the attorney fee set forth in the *Disclosure of Compensation of Attorney for Debtor and Application for Allowance of Fees in Chapter 13 Case* (LBR Form 2016-1(b)), provided the amount requested does not exceed $3,700. *See* Local Bankruptcy Rule 2016-1(b)(2)(A) and (B) (the "No Look Fee").

**IT IS SO ORDERED.**


Copies:

All Creditors And Parties In Interest.